IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
May 5, 2026 Session

## STATE OF TENNESSEE v. SHAUN POOLE

**Appeal from the Circuit Court for Henry County**
**No. 17102     J. Brent Bradberry, Judge**

_____

## No. W2025-00693-CCA-R3-CD

_____


The Defendant, Shaun Poole, pled guilty in the Henry County General Sessions Court to violating a no-contact order, and the court imposed a fully suspended sentence of eleven months and twenty-nine days.  The Defendant later filed a petition for post-conviction relief in the circuit court and subsequently sought correction of his sentence pursuant to Tennessee Rule of Criminal Procedure 36.1.  The circuit court concluded that it lacked subject matter jurisdiction to consider a Rule 36.1 challenge to a judgment entered in the general sessions court and dismissed the claim.  Upon our review, we affirm the judgment dismissing the Defendant's Rule 36.1 motion.  However, because the appellate record does not clearly establish the status of the Defendant's remaining post-conviction claims, we remand the case for the circuit court to clarify the status of those claims and to conduct any further proceedings required by law.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Circuit Court Affirmed; Case Remanded**


TOM GREENHOLTZ, J., delivered the opinion of the court, in which J. ROSS DYER and JOHN W. CAMPBELL, SR., joined.

Shaun Poole, Jackson, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; and J. Neil Thompson, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL BACKGROUND

This appeal arises from the Defendant's effort to obtain relief pursuant to Tennessee Rule of Criminal Procedure 36.1 following his guilty plea in the general sessions court. The principal issue before us is whether the circuit court properly dismissed the Rule 36.1 motion for lack of subject matter jurisdiction.

Although the issue itself is straightforward, the procedural history is unusually complex and, in some respects, unclear from the appellate record. Multiple proceedings relating to the same general sessions court judgment proceeded simultaneously in both the general sessions court and the circuit court. With that observation in mind, we recount only the procedural history necessary to resolve the Rule 36.1 claim and to explain our remand to clarify the scope of any remaining post-conviction issues.

In June 2023, the Henry County General Sessions Court issued an arrest warrant charging the Defendant, Shaun Poole, with domestic assault ("Case 1").[1] In October 2023, the parties agreed to continue the matter for a year and to consider a possible dismissal at that time. Under the terms of that agreement, the case would be dismissed at the new setting if, among other conditions, the Defendant had no contact with the victim.

Four months later, the Defendant was charged with domestic assault and violation of the no-contact order ("Case 2"),[2] both involving the victim from Case 1. Case 2 came before the general sessions court in April 2024, and the Defendant pled guilty to violating a no-contact order. The court sentenced the Defendant to eleven months and twenty-nine days in the county jail, with the sentence fully suspended. At the same hearing, the court dismissed Case 1 upon the State's motion.

The Defendant then filed a petition for post-conviction relief in the Henry County Circuit Court, alleging, among other things, that he was denied the effective assistance of

---

[1]      Case 1 was docketed as Case No. 23-CR-964.

[2]      Case 2 was docketed as Case No. 24-CR-58.

counsel during the plea proceedings in Case 2.[3] The circuit court concluded that the petition stated a colorable claim for relief and ordered the State to file a response.[4]

The Defendant later moved to amend his post-conviction petition, asserting that his sentence in Case 2 was illegal and requesting relief pursuant to Tennessee Rule of Criminal Procedure 36.1. In support of that claim, the Defendant argued that his conviction in the general sessions court was void and that his "sentence [was] likewise void."

The State then moved to dismiss the Defendant's Rule 36.1 claim. On May 19, 2025, the circuit court granted the State's motion, concluding that it lacked subject matter jurisdiction to adjudicate a Rule 36.1 challenge to a judgment entered by the general sessions court.[5] The circuit court also concluded that "[a]ll remaining and unresolved motions are moot," and it dismissed the case.

The Defendant filed a premature notice of appeal before entry of the circuit court's order. That notice became effective upon entry of that order. *See* Tenn. R. App. P. 4(d).

## STANDARDS OF APPELLATE REVIEW

For each issue on appeal, a reviewing court must first determine the appropriate standard of review. *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The threshold issue in this case is whether the circuit court properly dismissed the Defendant's Rule 36.1 motion for lack of jurisdiction. "Jurisdictional determinations are questions of law that we

---

[3] At the same time he filed a petition for post-conviction relief, the Defendant also filed a direct appeal of Case 2 in the circuit court. The record does not reflect how the Defendant's direct appeal of his conviction in Case 2 was resolved by the circuit court, though a later order references that it was dismissed as untimely. Those proceedings are not the subject of the present appeal in this court.

[4] The Defendant also sought post-conviction relief with respect to the dismissed case, Case 1. It appears that the circuit court later dismissed the post-conviction petition as to Case 1, though that order is not in the appellate record. Those proceedings are not the subject of the present appeal in this court.

[5] While these Rule 36.1 proceedings were occurring in the circuit court, the Defendant also filed a Rule 36.1 motion in the general sessions court. The general sessions court denied the motion on April 11, 2025, finding that the Defendant's conviction was not unlawful and that his sentence was specifically authorized by statute. The parties do not address the effect, if any, that this previous determination has on the present proceedings. *See, e.g.*, *State v. Walker*, No. E2021-01115-CCA-R3-CD, 2022 WL 4475939, at *2 (Tenn. Crim. App. Sept. 27, 2022) (holding that a petitioner "may not continue to relitigate issues that have been previously determined" in prior habeas corpus or Rule 36.1 proceedings), *perm. app. denied* (Tenn. Jan. 1, 2023).

review de novo, with no presumption of correctness." *State v. Payne*, 721 S.W.3d 204, 210 (Tenn. 2025). Otherwise, the question of whether a defendant has stated a claim for Rule 36.1 relief is one of law that we review de novo. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015).

## ANALYSIS

In this appeal, the Defendant argues that the circuit court erred in dismissing his Tennessee Rule of Criminal Procedure 36.1 motion for lack of jurisdiction. He further contends that his sentence is illegal because the underlying general sessions conviction is void.

The State responds that the circuit court properly dismissed the motion because Rule 36.1 relief must be sought in the court in which the judgment of conviction was entered. The State further argues that the Defendant failed to state a colorable Rule 36.1 claim because his sentence of eleven months and twenty-nine days was expressly authorized by statute. We agree with the State on both points.

### A.    SUBJECT MATTER JURISDICTION

The Rules of Appellate Procedure require this court to consider whether the circuit court possessed "jurisdiction over the subject matter, whether or not presented for review." Tenn. R. App. P. 13(b). Subject matter jurisdiction concerns a court's power to hear and decide a particular category of case. *See Anderson v. State*, 692 S.W.3d 94, 103 (Tenn. Crim. App. 2023). Because subject matter jurisdiction is conferred only by constitutional provision, statute, or rule, "parties to litigation cannot confer or expand subject matter jurisdiction by consent or waiver." *New v. Dumitrache*, 604 S.W.3d 1, 14-15 (Tenn. 2020).

These limitations are especially important in criminal cases involving final judgments. As a general rule, once a criminal judgment becomes final, "the court shall have no jurisdiction or authority to change the sentence in any manner." Tenn. Code Ann. § 40-35-319(b) (2025). Our supreme court has recognized that there are limited exceptions to this principle, but those exceptions must arise from a statute or rule expressly authorizing relief. *See State v. Payne*, 721 S.W.3d 204, 211 (Tenn. 2025). Tennessee Rule of Criminal Procedure 36.1 is one such rule. It permits a defendant to seek correction of an illegal sentence under limited circumstances. *Id.*

- 4 -

Because the Defendant sought relief pursuant to Rule 36.1, we must determine whether that rule empowered the circuit court to hear and decide the Defendant's claim. Unless a constitutional provision, statute, or rule granted the court that authority, it would have no lawful basis to act upon the Defendant's request. *See State v. Smith*, 278 S.W.3d 325, 328 (Tenn. Crim. App. 2008) ("A party cannot confer subject-matter jurisdiction on a court by an appearance, a plea, consent, silence or waiver.").

The record reflects that the Defendant's judgment of conviction was entered in the Henry County General Sessions Court. Nevertheless, the Defendant sought Rule 36.1 relief in the circuit court rather than in the court that entered the judgment. At the May 2, 2025 hearing, the circuit court confirmed that the Defendant wished to proceed under Rule 36.1. The court advised him that Rule 36.1 required the motion to be filed in the court of conviction and concluded that it lacked jurisdiction because the challenged judgment originated in the general sessions court. The circuit court accordingly granted the State's motion to dismiss.

We agree with the circuit court's conclusion. Rule 36.1 authorizes relief only in limited circumstances. *State v. Moore*, No. W2015-00838-CCA-R3-CD, 2015 WL 9255103, at *1 (Tenn. Crim. App. Dec. 16, 2015), *perm. app. denied* (Tenn. Aug. 19, 2016). Among its other limitations, Rule 36.1 expressly limits relief to a motion filed "in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). Because the Defendant's judgment of conviction was entered in the general sessions court, the circuit court had no authority to grant the relief requested from it. As such, the circuit court properly dismissed the motion for lack of subject matter jurisdiction.

The Defendant argues that the circuit court nevertheless possessed jurisdiction because the general sessions court is not a court of record. We respectfully disagree. The issue before us is not whether the general sessions court has authority to revisit its own judgments. Rather, the issue is whether Rule 36.1 authorized the *circuit court* to vacate or modify a judgment entered by another court. And Rule 36.1 unambiguously designates the court of conviction as the proper forum for relief. Tenn. R. Crim. P. 36.1(a)(1).

The Defendant cites no statute, rule, or other authority conferring jurisdiction upon the circuit court to adjudicate a Rule 36.1 motion challenging a judgment entered in the general sessions court, and we are aware of none. Accordingly, we conclude that the circuit court properly dismissed the Defendant's Rule 36.1 motion for lack of subject matter jurisdiction.

## B.    SCOPE OF RULE 36.1 RELIEF

Even if Rule 36.1 authorized the circuit court to consider the Defendant's motion—and it did not—the Defendant would still not be entitled to relief.  Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence.  Tenn. R. Crim. P. 36.1(a)(1).  An illegal sentence is one "that is not authorized by the applicable statutes or that directly contravenes an applicable statute."  Tenn. R. Crim. P. 36.1(a)(2).

The Defendant pled guilty to violating a no-contact order pursuant to Tennessee Code Annotated section 39-13-113, a Class A misdemeanor.  The maximum sentence authorized for a Class A misdemeanor is eleven months and twenty-nine days.  Tenn. Code Ann. § 40-35-111(e)(1) (2025).  The Defendant received a fully suspended sentence of eleven months and twenty-nine days, which was expressly authorized by statute.

The Defendant does not argue that the length or manner of service of his sentence directly contravened a sentencing statute.  Nor does the record suggest that the sentence exceeded the statutory maximum punishment for the offense.  Instead, the Defendant argues that his underlying conviction is void and that his sentence must, therefore, also be illegal.

Whatever merit the Defendant's challenge to the underlying conviction may have in another procedural context, Rule 36.1 does not provide a mechanism to challenge the conviction itself.  As this court has previously explained, "the purpose of [Rule 36.1] is to provide an avenue for correcting allegedly illegal sentences.  The Rule does not provide an avenue for seeking the reversal of convictions."  *State v. Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (emphasis in original), *perm. app. denied* (Tenn. Nov. 19, 2014); *see also State v. Gayden*, No. W2024-00865-CCA-R3-CD, 2025 WL 1331615, at *2 (Tenn. Crim. App. May 7, 2025) (same), *perm. app. denied* (Tenn. Sept. 11, 2025).

In other words, Rule 36.1 focuses on whether the sentence imposed was authorized by law, not on whether the underlying conviction was properly obtained.  Because the Defendant's sentence was expressly authorized by statute, we conclude that his motion fails to state a colorable claim for relief under Rule 36.1.  The Defendant is not entitled to relief.

## C.    THE DEFENDANT'S REMAINING CLAIMS

One final procedural issue remains.  Although the circuit court addressed this matter as a Rule 36.1 proceeding and dismissed it on that basis, the case originated as a petition for post-conviction relief.  In October 2024, the circuit court reviewed the post-conviction petition and concluded that at least some of the Defendant's grounds presented colorable claims for relief.  The court, therefore, ordered the State to file a responsive pleading and set the matter for a status conference.

The procedural posture later became more complicated when the Defendant moved to amend his post-conviction petition to seek Rule 36.1 relief.  Admittedly, some of the initial pleadings suggest that the Defendant sought to replace his post-conviction petition with a Rule 36.1 motion.  Later filings, however, indicate that he understood the two matters to remain separate proceedings, including a motion to stay the post-conviction proceedings while the parties litigated the Rule 36.1 claim.  Accordingly, the present appellate record does not clearly establish that the Defendant affirmatively withdrew, abandoned, or dismissed his remaining post-conviction claims.

Nevertheless, the litigation proceeded primarily on the Rule 36.1 claim.  On May 19, 2025, the circuit court granted the State's motion to dismiss the Rule 36.1 claim and denied all remaining motions as moot.  The order, however, did not reflect whether the "remaining motions" included the Defendant's post-conviction claims, nor did it contain findings of fact and conclusions of law addressing those claims otherwise.

As a result, the present record does not clearly establish whether the Defendant's post-conviction claims remain pending in the circuit court or whether the circuit court intended its May 19, 2025, order to dispose of those claims.  Accordingly, we respectfully remand the case for the circuit court to enter an order clarifying the status of the Defendant's remaining post-conviction claims and, to the extent necessary, to conduct any further proceedings required by law.  *See, e.g.*, Tenn. Code Ann. §§ 40-30-109 to -111 (2025).

## CONCLUSION

In summary, we hold that the Henry County Circuit Court lacked subject matter jurisdiction to adjudicate the Defendant's Rule 36.1 motion challenging a judgment entered in the general sessions court.  Accordingly, we respectfully affirm the circuit court's

dismissal of the Defendant's motion on that basis.  However, because the appellate record does not clearly establish the status of the Defendant's remaining post-conviction claims, we remand the case for the circuit court to clarify the status of those claims and to conduct any further proceedings required by law.

s/ *Tom Greenholtz*
TOM GREENHOLTZ, JUDGE